Christopher P. Burke, Esq.
State Bar Number: 004093
702 Plumas Street
Reno, Nevada 89509                              Electronically filed: 11-04-10
(775)333-9277
Attorney for the Debtor(s)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA (RENO)

| | | |
|---|---|---|
| In re: | ) | Case No.  BK-N-10-54175-GWZ |
| | ) | |
| | ) | CHAPTER 13 |
| MAXIMILLAN VALCOS NEPOMUCENO | ) | |
| MARIA JULIET HERNANDO NEPOMUCENO | ) | HEARING DATE:     1-07-11 |
| | ) | HEARING TIME:     2:00 P.M. |
| | ) | TIME REQUIRED:   5 mins. |
| Debtor(s) | ) | |

## CHAPTER 13 PLAN AND MOTION TO VALUE COLLATERAL

        This Plan contains evidentiary allegations which, if not controverted, may be accepted by the Court as true without further notice and hearing.  Creditors may not vote on this Plan but they may object to its confirmation pursuant to 11 U.S.C. § 1324.  Any objections to the Debtor's proposed valuation of collateral may also be raised in the context of an objection to the Plan.  Objections must be filed with the Court and served upon Debtor, Debtor's attorney, and Standing Chapter 13 Trustee.  Absent a timely filed objection, the Court may confirm this Plan and grant any motions regarding the proposed valuation of collateral without further notice.

        To receive distributions from the Trustee under this Plan **all creditors, except holders of secured claims, must file a proof of claim with the Bankruptcy Court**.  A secured creditor should file a proof of claim.  Otherwise, the secured creditor will receive the amount and interest the Debtor proposes. A copy of the proof of claim must also be mailed to the Standing Chapter 13 Trustee, William A. Van Meter, P.O. Box 6630, Reno, NV 89513 and to the Debtor's attorney at the address indicated above.  Unless the Court orders otherwise after notice and hearing, holders of secured claims must file a proof of claim within the time limits for filing unsecured claims as set forth in Fed. R. Bankr. P. 3002(c).   A proof of claim form has been included with the notice of the Plan confirmation hearing.

        Unless the Court orders otherwise, after notice and hearing, the Trustee shall make no distributions to any claim filed after the time allowed for filing proofs of claim as set forth in fed. R. Bankr. P. 3002 and 3004.  Following the expiration of these time periods, the Trustee shall serve acknowledgments of filed claims and shall file and serve on the Debtor and Debtor's attorney a  notice of how it intends to pay allowed claims.  Objections to the provisions for treatment of any claim as set forth in the Trustee's claim acknowledgment or in the Trustee's Notice of Intent to Pay shall be filed with the Bankruptcy Court within thirty (30) days of service.  The objecting party shall set the objection for hearing  and serve the objection on the Trustee, the Debtor, and the Debtor's attorney.  In the absence of any objection to the Trustee's claim acknowledgment or Notice of Intent to Pay, the Debtor and other parties in interest shall be barred from later objecting to the proposed distribution of funds as set forth in these notices.

        Creditors may view the Debtor's bankruptcy petition, schedules and statements as well as other documents filed in the case on the Court's website, www.nvb.uscourts.gov (a subscription/fee service), or at the Bankruptcy Court Clerk's office.

## CONFIRMATION REQUEST AND MOTION TO VALUE COLLATERAL

The claim amounts set forth in this Plan are based on the best information available to the Debtor. The Debtor intends that all claims shall be provided for based on the actual allowed amount of the claim. The projected distribution to holders of Class 6 and Class 7 unsecured claims may be decreased without further notice and hearing to the extent the Debtor has underestimated the actual allowed amount of any administrative, secured and/or priority claims or to the extent the Bankruptcy Court approves or orders a different treatment of these claims. The Debtor submits that this Plan satisfies the requirements of 11 U.S.C. §§1322 and 1325 and requests that the Court confirm this Chapter 13 Plan.

To the extent this Plan provides for payment of any secured claim based on the value of any Secured Creditor's collateral, the Debtor requests that the Court determine the value of the Secured Creditor's collateral as set forth in this Plan pursuant to Fed. R. Bankr. P. 3012 and that the Court approve the interest rate proposed to satisfy the allowed secured claim as set forth in this Plan.

### I. Plan Payments and Term

Unless the Court orders otherwise, the Effective Date of the Plan shall be the date the Debtor's bankruptcy petition was filed. In order to complete this Plan, all or a portion of the Debtor's projected disposable earnings shall be submitted to the supervision and control of the Standing Chapter 13 Trustee ("Trustee"). The Debtor's first Plan payment shall be made on or before thirty (30) days following the date the petition was filed with the Court. The minimum Plan base shall be $75,000.00. Debtor's proposed payment schedule is as follows: **Debtor shall make payments of $1,250.00 per month for sixty (60) months.**

To the extent holders of general unsecured claims will not receive full payment of their allowed claims, the Debtor represents and warrants that the total of the proposed Plan payments are not less than 100% of the Debtor's projected disposable earnings over a thirty-six (36) month period. Unless the Court orders otherwise, if unsecured claims are not paid in full, the Plan shall not terminate earlier than the stated term or 36 months, whichever is longer. If necessary to complete this Plan, the term may be extended with the consent of the Trustee by stipulation and order without notice and hearing, but in no event will the Plan or any extension provide for payments over a period that exceeds 60 months. The proposed plan payments and/or term shall be subject to adjustment to complete the Plan in the event any postpetition default results in the additional accrual of interest on secured claims. Similarly, such an adjustment may be required as a result of an increase in the proposed Trustee's Statutory Percentage Fee.

### II. Classification and Treatment of Claims and Expenses

The claims scheduled by the Debtor are classified and provided for below. The Trustee shall make disbursements only to holders of allowed claims. Unless the Court orders otherwise, a claim may be allowed only if a proof of claim form has been filed by or on behalf of a creditor. However, secured creditors will paid in accordance with Debtors' plan unless they file a claim or objection. Payment from the plan for secured claims shall release creditor's lien after discharge. Unless the Court orders otherwise, after notice and hearing, claims filed after the applicable claims bar date shall receive no distributions under this Plan. Pending confirmation of the Plan and/or other collateral valuation hearings, the outcome of any lien avoidance motion or other proceeding, the proof of claim filed by or on behalf of a creditor, not the Plan or the Debtor's bankruptcy schedules, will determine the amount and character of the creditor's claim. If a creditor's claim is provided for by this Plan and a proof of claim is filed, distributions will be made based upon the filed proof of claim unless the Court orders otherwise in the order confirming the Debtor's Chapter 13 Plan, a separate valuation hearing, a lien avoidance hearing, a claim objection hearing or other proceeding. If a creditor does not object to the valuation of its collateral as set forth in the Plan, the collateral will be valued and the allowed secured claim determined as set forth in the Plan. Secured claims not listed in Classes 1, 2, 3, 4, or as otherwise provided for in the Plan Confirmation Order, and priority claims not listed within Class 5 or otherwise

provided for in the Plan Confirmation Order are not provided for by this Plan and shall not be impaired by the Plan or paid by the Trustee. In the event such claims are timely filed, the Debtor shall modify this Plan to provide for the claims. Whether or not a proof of claim is filed, the Debtor shall make the regular ongoing post-petition installment payments on Class 1 and Class 4 claims.

## A. Administrative Expenses

**1. Chapter 13 Trustee's fees** will be allowed and paid as determined by statute. The Trustee may receive up to 10% of the money received and distributed each month, excluding direct payments by the Debtor to Class 1 and Class 4 creditors and refunds from the Trustee to the Debtor.

**2. Administrative Expenses:** In most cases the only additional administrative expenses will be the Debtor's attorneys' fees. Attorneys' fees and other administrative expenses must be approved by the Bankruptcy Court before they can be paid. Once approved, an administrative expense will be paid in full before payment of Class 1, 2, 5, 6, and 7 claims. Distributions to administrative claims may be deferred however if the Plan provides for scheduled payments to specific creditors and there are not sufficient funds available to also fully fund administrative claims, the Court orders otherwise, or the administrative claimant agrees to a different treatment. After deducting the $995.00 pre-petition retainer which includes the $274.00 filing fee, a balance of $3,879.00 remains to be paid to Debtor's attorney.

[ X ]   The Debtor's attorney opts to have his or her fees approved and paid in accordance with the following guideline for Payment of Attorneys' Fees in Chapter 13 Cases without filing a formal fee application. Attorney shall file an application for attorney fees for anything over $4,874.00.

[   ]   The Debtor's attorney opts out of the guideline for payment of attorneys' fees without a fee application and instead will disclose to all parties in interest and seek approval of fees in accordance with 11 U.S.C. §§ 329 and 330, Fed. R. Bankr. P. 2002, 2016, and 2017, and the Court's Guidelines for Compensation and Expense Reimbursement of Professionals. If the Debtor's attorney opts out, no distributions shall be made on the attorney's administrative fee claim until the fee application is approved after notice and hearing. Opting out does not limit or modify the rights and responsibilities of the attorney or the Chapter 13 Debtor.

## B. Secured Claims

**Class 1. Long-term secured claims that were delinquent when the petition was filed and that mature after the last payment under the Plan is due.** Home loans and car loans maturing after the term of this Plan are typical Class 1 claims. Creditors holding Class 1 claims will retain their liens and security interests. Pre-petition arrears will be paid through the Plan together with interest if required by 11 U.S.C. § 1322(e). If no interest rate is specified below, the Debtor asserts that interest to cure defaults is not required by the underlying agreement and applicable law and that 0% per annum will be paid on the claim. Unless indicated below or the Court orders otherwise, all secured claims shall be paid on a pro rata basis and interest shall accrue from the petition date at the interest rate set forth below. Other than to cure pre-petition arrears, Class 1 claims are not modified or impaired by this Plan.

| CLASS 1 CREDITOR'S NAME/COLLATERAL DESCRIPTION | REGULAR PAYMENT | PRE-PETITION ARREARS | INTEREST RATE |
|---|---|---|---|
| 1.  Wells Fargo Home Mortgage - single family dwelling | $1771.00/mo | $3,542.00 | |
| 2. | | | |
| 3. | | | |

[*In the column "Regular Payment" state the ongoing post-petition installment payment including any impound amounts. The Regular Payment amount should appear in the Debtor's Schedule J. The "regular payment" shall be paid by Debtor directly to the secured creditor. The "regular payment" shall be paid whether or not the Plan has been confirmed by the Court. Do*

*not include Class 1 claims in Class 4. In the column "Pre-Petition Arrears" include the accrued but unpaid interest and principal through the date of bankruptcy as well as other accrued and unpaid charges such as attorneys' fees and foreclosure costs. Pre-petition arrears owed under an assumed executory contract or unexpired lease (see section D below) may be provided for as a Class 1 secured claim. In the column "Interest Rate" state the proposed rate to be paid. If this column is blank, the proposed interest rate is 0%.]*

      **Class 2. Secured claims that are subject to the Debtor's Motion to Value Collateral and that are modified by this Plan or secured claims that will be paid in full during the Plan.** This class includes any secured claim that matured before the Debtor's bankruptcy case was filed or secured claims that will mature prior to the completion of the Debtor's Plan. It also includes any secured claim, regardless of its maturity date, that is modified as permitted by 11 U.S.C. §§ 1322 (b)(2), (c)(2) and/or 1325(a)(5). Each secured claim shall continue to be secured by any existing liens or security interests and will be paid either the full amount of the claim or the present fair market value of the collateral that secures the claim, whichever is less. If the claim is undersecured, the difference between the value of the collateral and the total claim shall be paid as a Class 7 claim. If no interest rate is specified below to provide the creditor with the present value of its allowed secured claim, 10% per annum will be imputed and paid on the claim. Except as set forth below or otherwise ordered by the Court, Interest shall accrue on the allowed secured claim from the petition date and all secured claims shall be paid on a pro rata basis. Upon completion of the Debtor's Plan, the secured creditor shall release its lien on the encumbered property. To the extent the "Claim Amount" scheduled below or the total amount claimed by the creditor in a filed Proof of Claim is greater than the "Market Value of Collateral" scheduled below, the Debtor requests that the Court determine the amount of the creditor's allowed secured claim and that the Court determine that the fair market value of the secured creditor's collateral is as scheduled below. The Debtor further requests that the Court determine that the interest rate proposed below will provide the creditor with the present value of its allowed secured claim. To the extent the proposed treatment of any Class 2 Claim is opposed by any party in interest and the Bankruptcy Court does not approve the proposed treatment of the claim or a modified treatment of the claim, the Plan may nevertheless be confirmed if Debtor elects to surrender the Collateral to the holder of the Class 2 claim and provide for the claim as a Class 3 claim.

| CLASS 2 CREDITOR'S NAME/COLLATERAL DESCRIPTION | CLAIM AMOUNT | MARKET VALUE of COLLATERAL | INTEREST RATE |
|---|---|---|---|
| 1. Chase Auto Finance / 2008 Mazda CX-7 | Pay:$30,573.00 | $16,625.00 | Pay:6% |
| 2. Americredit / 2004 Mazda RX-8 | $15,776.00 | Pay: $11,675.00 | Pay:6% |
| 3. | | | |

*[In the column "Claim Amount" include the accrued but unpaid principal and interest through the date the bankruptcy case was filed, as well as other accrued and unpaid charges such as attorneys' fees and other collection costs. If the market value of the creditor's collateral is less than the total claim amount, the market value will be paid regardless of the amount claimed by the creditor and any difference will be paid as a Class 7 claim.]*

      **Class 3. Secured claims satisfied by the surrender of collateral.** Identified in the table below are secured creditors whose claims will be satisfied by the surrender of their collateral. Entry of the confirmation order shall constitute an order modifying the automatic stay of 11 U.S.C. § 362 to allow any secured creditor whose collateral is being surrendered to exercise its state law and contractual remedies to recover its collateral. If a proof of claim is timely filed by any Class 3 creditor, the claim shall be paid based on the terms of the proof of claim. No distributions shall be made by the Trustee on any secured portion of the claim as reflected in the filed proof of claim. The Class 3 creditor may amend any timely filed proof of claim within twelve (12) months following entry of the confirmation order to assert an unsecured deficiency claim following the disposition of the collateral under applicable state law. If an amended unsecured claim is filed, it shall be treated as a Class 7 claim and shall begin receiving pro rata distributions with other Class 7 claims not more than forty-five (45) days after the amended proof of claim is filed. The claim shall receive distributions on a pro rata basis with other Class 7 claims on account of any amended unsecured claim that may be filed. In the event an amended proof of claim is filed after the trustee has commenced distributions to holders of other Class 7 claims however, the Trustee shall not be required to recover distributions from holders of other

unsecured creditors in order to provide an equal total pro rata distribution to the Class 3 claimant based on the amended claim. If the creditor fails to file an amended proof of claim to assert a deficiency within the twelve (12) months following confirmation of the Debtor's Plan, any deficiency claim greater than the amount set forth in a previously filed proof of claim shall be disallowed and discharged upon completion of the Debtor's Plan.

| CLASS 3 CREDITOR'S NAME/COLLATERAL DESCRIPTION | CLAIM AMOUNT | VALUE OF COLLATERAL |
|---|---|---|
| 1. None | | |
| 2. | | |
| 3. | | |

**Class 4. Claims to be paid directly by the Debtor or third party.** This class includes secured claims with due dates extending beyond the length of the Plan and that were not delinquent when the bankruptcy case was filed. These claims are not modified by this Plan. This class also includes secured and unsecured claims that will be paid with money or property that does not belong to Debtor or to the Debtor's bankruptcy estate. Holders of Class 4 claims shall retain their liens and security interests. Class 4 claims are not modified or impaired in any respect by the Debtor's Plan. Payments to holders of Class 4 claims, including any arrears that may be claimed by the creditor in any filed proof of claim, shall be paid directly by the Debtor throughout the term of the Debtor's Chapter 13 Plan.

| CLASS 4 CREDITOR'S NAME | REGULAR PAYMENT | MATURITY DATE |
|---|---|---|
| 1. Wells Fargo Home Mortgage - single family dwelling | $1771.00/mo | Approx. 2035 |
| 2. | | |
| 3. | | |
| 4. | | |

*[Do not include any Class 1 Claims in Class 4. If the Debtors are making the direct payments, the "Regular Payment" scheduled above should equal the expenditures disclosed and identified in the Debtor's Schedule J.]*

## C. Unsecured Claims

**Class 5. Priority unsecured claims.** Claims entitled to priority pursuant to 11 U.S.C. § 507 shall be paid in full. Unless otherwise provided for below or otherwise ordered by the Court, no interest shall be paid on Class 5 claims. To the extent filed undisputed Class 5 claims exceed the amounts listed below and the Debtor's Plan payments are not adequate to fully provide for the claims, the Debtor shall file and serve an amended Plan or a Motion to Modify the Debtor's confirmed Plan to adequately provide for all Class 5 claims. If the Plan remains feasible following the filing of one or more Class 5 claims that are greater than as anticipated below, a Plan modification shall not be required to provide for payment of the claim if the only effect of the payment of the allowed Class 5 claim is to reduce the projected distribution to holders of Class 6 and Class 7 claims. The Debtor's Chapter 13 case shall however be subject to dismissal at any time if the Plan cannot be amended or modified to provide for full payment of all allowed Class 5 claims.

| CLASS 5 CREDITOR'S NAME | STATUTORY BASIS FOR PRIORITY STATUS | CLAIM AMOUNT |
|---|---|---|
| 1. Internal Revenue Service | 2009 income tax | $13,000.00 |
| 2. | | |
| 3. | | |

*[Include in the "Claim Amount" column the under-collateralized portion of any secured claim if it is entitled to priority.]*

**Class 6. Special unsecured claims.** Unless the Court orders otherwise, Class 6 claims shall be paid on a pro rata basis with Class 7 claims during the first thirty-six (36) months of the Plan.  Any special treatment and the basis for the proposed special treatment of Class 6 claims is set forth below.

| CLASS 6 CREDITOR'S NAME | EXPLANATION AND BASIS FOR DISCRIMINATORY TREATMENT | CLAIM AMOUNT AND PROPOSED DISCRIMINATORY TREATMENT OF CLAIM |
|---|---|---|
| 1. None | | |
| 2. | | |
| 3. | | |

*[ The Debtor may provide discriminatory treatment to Class 6 claims after the first thirty-six (36) months of the Plan.  To the extent the Debtor proposes to discriminate against Class 7 claims during the first thirty-six (36) months of the Plan, the Debtor must explain why proposed discriminatory treatment of the Class 6 claim does not unfairly discriminate against holders of Class 7 claims.]*

**Class 7.  General unsecured claims.**  General unsecured claims will be paid on a pro rata basis after all other allowed claims provided for in the Plan are satisfied.  Based on the estimates set forth in this Plan, the Debtor projects that after payment of administrative, secured and priority claims, distributions to holders of general unsecured claims, including the under-collateralized portion of secured claims not entitled to priority, will total approximately $0.00.  The Debtor has scheduled general unsecured claims totaling $7,208.53.  The Debtor projects that holders of Class 7 claims will receive approximately 0% of their allowed claims.  The projected distribution to general unsecured creditors may however be reduced without further notice and hearing during the confirmation process in the event administrative, secured and priority claims, and/or interest rates are determined to require distributions in an amount greater than is projected in this Plan.  Distributions may be further reduced if additional administrative expenses are awarded by the Court during the course of the case.

The Debtor represents and warrants  that the distribution in this case to general unsecured claims will equal or exceed the value of what general unsecured creditors would receive if the Debtor's assets were liquidated in a Chapter 7 case.  The scheduled value of the Debtor's unencumbered nonexempt assets is $0.00.  The Plan provides that at least this amount will be distributed to holders of unsecured claims.  Following confirmation, the Plan shall remain subject to dismissal and/or modification after all allowed claims are known if the expected distribution to holders of Class 5, Class 6 and Class 7 unsecured claims is less than the liquidation value of the Debtor's non exempt unencumbered assets.

## D.  Executory Contracts And Unexpired Leases

The Debtor requests that the Court approve the assumption of the executory contracts and unexpired leases listed in the table below.  The Debtor shall pay directly to the other party to the executory contract or unexpired lease all on-going post-petition payments.  Any pre-bankruptcy arrears shall be paid in full either as a Class 1 claim or as a Class 6 claim, or as stated in the Additional Provisions (Article IV) below.  Any executory contracts or unexpired leases not listed in the table below are rejected.

| NAME OF OTHER PARTY TO EXECUTORY CONTRACT OR UNEXPIRED LEASE | PRE-PETITION ARREARS | REGULAR PAYMENT | ARREARS PROVIDED FOR: AS A  CLASS 1 CLAIM; CLASS 6 CLAIM; OR AS STATED IN ARTICLE IV |
|---|---|---|---|
| 1. None | | | |
| 2. | | | |
| 3. | | | |

### E. Order of Distribution Between and Among Classes

Unless the Court orders otherwise, after confirmation of this Plan, funds available for distribution will be paid by the Trustee each month in the following order: (1) the Standing Chapter 13 Trustee's statutory percentage fee; then (2) any monthly payments set out in the Additional Provisions (Article IV) below or other Orders of the Court; then (3) approved administrative expenses; then (4) Class 1 pre-bankruptcy arrearage claims and Class 2 claims on a pro rata basis; then (5) Class 5 priority unsecured claims; then (6) Class 6 special unsecured claims and Class 7 general unsecured claims on a pro rata basis or as otherwise indicated in the Plan and/or Confirmation Order. Unless otherwise set forth in the Plan or to the extent the Court orders otherwise, within each distribution level, allowed claims shall be paid on a pro rata basis and interest, if any, shall accrue from the petition date.

### III.  Miscellaneous Provisions

**A. Vesting and Possession of Property.**  Unless the Court orders otherwise, upon confirmation, all scheduled property of the estate existing at the time of confirmation shall vest in the Debtor pursuant to 11 U.S.C. § 1327 and applicable law subject to the terms and conditions of the Debtor's Chapter 13 Plan.  The Debtor shall disclose to the Trustee and amend the Schedules of Assets filed in this case to disclose any increase in property of the estate described in 11 U.S.C. § 1306(a) in which the Debtor obtains an interest prior to the completion of the payments required by the Plan.  In the event the case is converted to another Chapter of the Bankruptcy Code or is dismissed, property of the estate shall vest in accordance with 11 U.S.C. §§ 348(f), 349(b) and applicable law.

**B. Debtor's Duties.**  In addition to the duties and obligations imposed upon Debtor by the Bankruptcy Code and Rules, the Local Bankruptcy Court Rules, this Plan imposes the following additional requirements on Debtor:

(a) **Transfers of Property and New Debt.**  The Debtor is prohibited from transferring, encumbering, selling, or otherwise disposing of any nonexempt personal or real property with a value of $1,000 or more other than in the regular course of Debtor's financial or business affairs without first obtaining Bankruptcy Court approval.  Except as provided in 11 U.S.C. §§ 364 and 1304, the Debtor shall not incur aggregate new debt exceeding $1,000 without first obtaining Bankruptcy Court approval.  If the Trustee approves a proposed transfer or new debt, Court approval may be obtained by stipulation without notice and hearing.  To determine the appropriate procedure, the Debtor should consult with the Trustee.  Without full compliance with 11 U.S.C. § 1305, postpetition debts shall not be paid through this Plan.  The plan may however be modified after confirmation by Stipulation and Order to provide for full payment of any claim allowed under 1305 provided that the proposed modification provides for full payment of the allowed postpetition claim and the modification does not alter the proposed distribution to holders of other allowed claims.

(b) **Insurance.**  Debtor shall maintain insurance as required by any law, contract, or security agreement.

(c) **Support Payments.**  Debtor shall maintain direct ongoing child or spousal support payments to the Court-ordered recipient.

(d) **Compliance with Applicable Non-Bankruptcy Law.**  While operating under Chapter 13, the Debtor's financial and business affairs shall be conducted in accordance with applicable non-bankruptcy law. This duty includes the  timely filing of tax returns and payment of taxes.

(e) **Periodic Reports to the Trustee.**  Following confirmation, the Debtor shall provide the Trustee will all federal and state income tax returns including any W-2 forms and 1099 forms for each tax period that ends during the first three years of the Debtor's Chapter 13 Plan.  During the pendency of this Case, the Debtor shall provide the Trustee with any requested financial information or other documentation regarding Debtor's business or other financial affairs.

(f) **Postconfirmation Modification.**  The Debtor's Plan shall remain subject to postconfirmation modification pursuant to 11 U.S.C. § 1329 and applicable law.  Provided that the proposed Plan payments are adequate to fund all allowed claims as required by the Bankruptcy Code and the terms of the Debtor's Plan, the Plan shall not require modification to provide for allowed claims that are provided for in the Plan but exceed the projected allowed amount provided for in the Plan.  After the allowed amount of all claims are known however, the Debtor shall be required to modify this Plan to cause the Plan to be feasible, to satisfy the best interest of creditors test, and/or to provide for any allowed administrative, secured and/or priority claims that are not provided for in this Plan.  Failure to modify the Plan to cure such deficiencies shall be

cause for dismissal.

## IV.  Additional Provisions

Additional provisions or alterations to standard form Chapter Plan are set out below (or on an attached Exhibit).  Changes to the preprinted language of the model Chapter 13 Plan that are not set forth below or in an attached exhibit are void and will not be given any force or effect.

**Additional and Supplemental Plan Provisions:**


Dated: 10-28-10


 /s/ Christopher P. Burke, Esq.
Attorney for the Debtor



/s/ Maximillan Valcos Nepomuceno
Debtor


/s/ Maria Juliet Hernando Nepomuceno
Joint Debtor