

Entered on Docket
March 14, 2011

_____
Hon. Bruce T. Beesley
United States Bankruptcy Judge
_____

WILLIAM A. VAN METER, TRUSTEE
Nevada State Bar No. 2803
P.O. Box 6630
Reno, Nevada  89513
Telephone:  (775) 324-2500
tobyc13@nvbell.net

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

MAXIMILLIAN VALCOS NEPOMUCENO
MARIA JULIET HERNANDO NEPOMUCENO,

       Debtors.

/

CASE NO. **BK-N 10-54175-GWZ**

CHAPTER 13

**ORDER CONFIRMING CHAPTER 13 PLAN**

Hearing Date:  January 7, 2011
Time:  2:00 p.m.

The Debtors' Chapter 13 Plan and Motion to Value Collateral having been served on all parties in interest and the Court finding, after proper notice and an opportunity for hearing, that the Debtors' plan satisfies all of the requirements of 11 U.S.C. § 1325, all pending objections having been resolved, and for other good cause appearing;

**IT IS ORDERED** that the Debtors' Chapter 13 Plan is confirmed.

**IT IS ORDERED** that there being no objection to the Debtor's compliance with 11 U.S.C. § 521(a)(1) the Court finds that the Debtor has filed all information necessary to proceed with the administration of this Chapter 13 case.

**IT IS FURTHER ORDERED** that except as otherwise provided for in this order or any other applicable order the Court values any collateral described in the Debtors' Chapter 13 Plan as estimated by the Debtors in the Plan and

that the interest rate proposed to provide the secured creditor with the present value of its claim satisfies 11 U.S.C. § 1325(a)(5)(B)(ii).

**IT IS FURTHER ORDERED** that the Debtors' proposed assumption of executory contracts and unexpired leases as set forth in the Debtors' Chapter 13 Plan are approved. All executory contracts and unexpired leases not provided for in the Debtors' Chapter 13 Plan are rejected.

**IT IS FURTHER ORDERED** that the Standing Chapter 13 Trustee shall file and serve a Notice of Intent to Pay Claims on all parties in interest after the expiration of the time allowed to file proofs of claim. Objections to the Trustee's Notice of Intent to Pay Claims shall be filed, served, and set for hearing by the objecting party within thirty (30) days following service of the Trustee's Notice. In the absence of an objection to the Trustee's Notice of Intent to Pay Claims, the proposed distributions set forth in this document shall be final. Unless the Court orders otherwise after notice and hearing, the Trustee shall make no distributions to any claim filed after the time allowed for filing such claims as set forth in Fed. R. Bankr. P. 3002 and 3004 and the Debtors' Plan. The time period for the Debtors to file a proof of claim set forth in Fed. R. Bankr. P. 3004 is extended until (30) days following service of the Trustee's Notice of Intent to Pay Claims.

**IT IS FURTHER ORDERED** that to the extent distributions have not been made to the holder of an allowed claim, objections to the allowance and payment of any claim may be filed at any time before the Debtor is discharged.

**IT IS FURTHER ORDERED** that the Debtors shall provide immediate written notice to the Clerk of the United States Bankruptcy Court and the Chapter 13 Trustee of any change of address.

**IT IS FURTHER ORDERED** that the debtor shall provide immediate written notice to the Trustee of any termination, reduction of, or other material change in the Debtors' assets, income and/or employment.

**IT IS FURTHER ORDERED** that in the event the Plan does not continue to satisfy all confirmation requirements when the allowed amount of all claims becomes known, the Debtors shall modify the confirmed plan to satisfy all confirmation requirements. Failure to modify the plan under these circumstances shall constitute cause for dismissal under 11 U.S.C. § 1307(c).

**IT IS FURTHER ORDERED** that to the extent the plan does not provide for arrears on a secured claim and a proof of claim or amended proof of claim is filed indicating that arrears on the claim exist, the Trustee shall make no distributions on the claimed arrears. The Debtors will pay the arrears claim directly, amend the plan to provide for the unanticipated arrears, or object to the claim.

**IT IS FURTHER ORDERED** that in the event the Debtor fails to make any proposed direct payment, any proposed cure of the default shall be addressed in a plan modification and the postpetition default shall be cured by the Trustee from modified plan payments. Provided that the modification does not alter the proposed distribution to holders of other claims, the proposed modification may be submitted by stipulation approved by the Debtor, the affected secured creditor and Chapter 13 Trustee.

**IT IS FURTHER ORDERED** that to resolve the Trustee's objection to the amount of the fees requested by Debtor's counsel, Debtor's Counsel has agreed to accept a total attorneys fees and costs of **$4,274.00**. Of this amount a total of **$4,274.00** is allowed, and **$995.00** has been paid prepetition. The balance of **$3,279.00**, shall be paid by the Standing Chapter 13 Trustee from plan payments. Additional fees and costs, if any, may be approved after

notice and hearing in accordance with 11 U.S.C. §§ 329, 330, Fed. R. Bankr. P. 2002, 2016, 2017, and the Court's general Guidelines for Compensation and Expense Reimbursement of Professionals.

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. § 102(1) and based on facts and circumstances of this case further notice and hearing is unnecessary and pursuant to 11 U.S.C. § 1323 the plan is amended as follows:

1. That in addition to funds paid to the Trustee as of December 31, 2010 in the amount of $2,500.00, the Debtor's plan payments shall increase from $1,250.00 per month to $1,397.00 per month beginning with the February 2011 payment and the term of the plan shall remain 60 months. The minimum plan base shall be $82,129.00.

2. The Debtor's schedules and plan indicated that secured creditor Wells Fargo Bank, N.A. held a claim for arrears on the first deed of trust in the amount of $3,542.00. The creditor filed a secured proof of claim for the arrears in the amount of $6,776.64. The Trustee shall pay Wells Fargo Bank, N.A. pursuant to its filed proof of claim the amount of $6,776.64 with 0% interest.

3. The Debtor's schedules and plan provided for creditor Chase Auto Finance for a secured debt regarding a 2008 Mazda CX-7. The Creditor has filed an objection to confirmation stating that the plan was attempting to cram down the secured debt to less than fair market value. The Debtor agrees to pay Chase Auto Finance pursuant to the filed proof of claim in the secured amount of $31,535.20 with interest at 6%.

4. The Debtor's provided for a priority tax liability to the Internal Revenue Service in the amount of $13,000.00. The IRS filed a priority proof of claim in the amount of $13,418.50. The Trustee shall pay the IRS pursuant to its filed proof of claim.


Prepared by:

CHAPTER 13 TRUSTEE

/S/ WILLIAM A. VAN METER
WILLIAM A. VAN METER, TRUSTEE

**Approved**/Disapproved by:

/S/  CHRISTOPHER P. BURKE
CHRISTOPHER P BURKE, ESQ.
Attorney for Debtors


**Approved**/Disapproved by:

GREGORY L. WILDE, ESQ
Attorney for secured creditor, Wells Fargo Bank, N.A.

MAXIMILLIAN VALCOS and MARIA JULIET HERNANDO NEPOMUCENO
BK-N 10-54175-GWZ
ORDER CONFIRMING CHAPTER 13 PLAN
Page 3 of 5

**Approved**/Disapproved by:

CHARLES KENNON  III     (for)
MICHAEL W. CHEN, ESQ.
Attorney for secured creditor, JPMorgan Chase

ALTERNATIVE METHODS re: RULE 9021:

In accordance with L.R. 9021, the undersigned certifies:

_____    The court waived the requirements of L.R. 9021.

X\_\_\_\_\_    I have delivered a copy of this proposed order to all attorneys and unrepresented parties who appeared at the hearing regarding this matter and/or who filed a written objection and each has:
    X\_\_\_\_\_    approved the form of this order as indicated above;
    _____    waived the right to review the order; and/or
    X\_\_\_\_\_    failed to file and serve papers in accordance with L.R. 9021(c).

X\_\_\_\_\_    I have delivered a copy of this proposed order to all attorneys and unrepresented parties who appeared at the hearing regarding this matter and/or who filed a written objection and all have either approved the form of this order, waived the right to review the order, failed to file and serve papers in accordance with L.R. 9021(c) and the following have disapproved the form of the order:

**Gregory L. Wilde, Esq.  Attorney for Wells Fargo bank, N.A.**

**See Attached Declaration**

_____    No opposition was filed to the motion and no other party or counsel appeared at the hearing.

**Dated:**  March 10, 2011

/S/ Teresa Herzinger
Teresa Herzinger
Assistant to William A. Van Meter, Trustee
P.O. Box 6630
Reno, NV  89509

###

WILLIAM A. VAN METER, ESQ.
Nevada State Bar No. 2803
P. O. Box 6630
Reno, NV 89513
Telephone: (775) 324-2500

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:                                              CASE NO. 10-54175 gwz

                                                    Chapter 13

MAXIMILLIAN VALCOS NEPOMUCENO
MARIA JULIET HERNANDO NEPOMUCENO,   DECLARATION OF SUBMISSION
                                                    REGARDING CONFIRMATION ORDER

            Debtor(s).
_____/

1. At the confirmation hearing held January 7, 2011 the Debtor's Chapter 13 Plan was confirmed.

2. That on or about January 18, 2011 the proposed Confirmation Order was sent by facsimile to Gregory L. Wilde, Esq. who represents Wells Fargo Bank, N.A., for his review, signature and return to be filed with the Court. A second request was sent by facsimile on February 23, 2011 with a letter stating that the order would be lodged with the Court in 5 business days (March 3, 2011) pursuant to L.R. 9021(b)(1).

3. That the Order Confirming Chapter 13 Plan has been signed by the Attorney of record and the Trustee believes is representative of the agreement between the Creditor and Debtor. That the Confirmation Order has not been signed by the objecting creditor and has not been returned to this office. Accordingly, the lodged Order does not bear the Creditor's approval or disapproval.

4. This declaration is true and correct and signed under the penalty of perjury.

DATED this 10th day of March, 2011.

/S/ Teresa Herzinger
Teresa Herzinger,
Assistant to William A. Van Meter
Chapter 13 Trustee